UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDRE KENNETH STUCKEY,

      Plaintiff,

    v.

JULIANN KNIGHT, et al.,

      Defendants.

Case No.  19-cv-05460-YGR (PR)

**ORDER REOPENING ACTION; LIFTING STAY; AND SETTING BRIEFING SCHEDULE**

Plaintiff, a state prisoner currently incarcerated at Pelican Bay State Prison ("PBSP") filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

In an Order dated December 9, 2020, the Court referred this action and Plaintiff's other pending matters to the Pro Se Prisoner Mediation Program and stayed these cases pending global settlement proceedings.  Dkt. 38.  The Order stated that, if necessary, the Court will issue a further briefing scheduling after the settlement proceedings.

On February 11, 2021, the Honorable Judge Robert M. Illman notified the Court that the parties were unable to reach an agreement.  Dkt. 40.  Accordingly, the Court hereby LIFTS the stay in the instant action, and the Clerk of the Court shall REOPEN the case file.  The parties are directed to abide by the new briefing scheduling outlined below.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.     The Court LIFTS the stay in the instant action, and the Clerk shall REOPEN the file.

2.     The parties shall abide by the following briefing schedule:

    a.     No later than **sixty (60) days** from the date of this Order, Defendants shall file a motion for summary judgment, which must be accompanied by a *Rand*[1] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

United States District Court
Northern District of California

United States District Court
Northern District of California

1   the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012).  If Defendants are of the opinion

2   that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the

3   summary judgment motion deadline.

4          b.      Plaintiff's opposition to the motion for summary judgment shall be filed

5   with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on

6   which Defendants' motion is filed.  Plaintiff shall refer to the Court's March 3, 2020 Order of

7   Partial Dismissal and Service for a further explanation on summary judgment.  *See* Dkt. 9 at 6-7.

8          c.      Defendants shall file a reply brief no later than **fourteen (14) days** after the

9   date the opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is

10  due.  No hearing will be held on the motion unless the Court so orders at a later date.

11         3.      All communications by the Plaintiff with the Court must be served on Defendants'

12  counsel by mailing a true copy of the document to Defendants' counsel.

13         4.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

14  informed of any change of address and must comply with the Court's orders in a timely fashion.

15  Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes

16  while an action is pending must promptly file a notice of change of address specifying the new

17  address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail

18  directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and

19  (2) the Court fails to receive within sixty days of this return a written communication from the *pro*

20  *se* party indicating a current address.  *See* L.R. 3-11(b).

21         5.      Upon a showing of good cause, requests for a reasonable extension of time will be

22  granted provided they are filed on or before the deadline they seek to extend.

23         IT IS SO ORDERED.

24  Dated:  March 1, 2021

25  _____
    JUDGE YVONNE GONZALEZ ROGERS
26  United States District Judge

27

28